# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

---

| | | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND | ) | MDL No. 2100 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | | **ORDER** |

**This Document Relates to:**

**Bishop, et al., v. Bayer Corp., et al. No. 3:10-cv-12271-DRH-PMF**

**Mangel v. Bayer HealthCare Pharms. Inc., et al. No. 3:10-cv-11126-DRH-PMF**

**Dalton v. Bayer Schering Pharma A.G., et al. No. 3:10-cv-10872-DRH-PMF**

**Rogers v. Bayer HealthCare Pharms. Inc., et al. No. 3:10-cv-10370-DRH-PMF**

## ORDER

**HERNDON, Chief Judge:**

       Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc., formerly known as Berlex, Inc., formerly known as Berlex Laboratories, Inc., on its own behalf and as successor by merger to Bayer Pharmaceuticals Corporation (collectively, "Bayer Defendants"), filed a motion to dismiss 32 member actions for lack of subject matter jurisdiction. The jurisdictional issue has been resolved in 28 of the member actions and need not be addressed by the Court.[1]

---

[1] Twenty-two (22) of the relevant member actions have been voluntarily dismissed pursuant to Rule 41(a)(1)(A)(i) or Rule 41(a)(1)(A)(ii). In five (6) of the relevant member actions the plaintiff

In each of the above captioned cases, however, the motion to dismiss for lack of subject matter jurisdiction is still pending. The Court addresses the motions as follows:

## A.     Bishop, et al., v. Bayer Corp., et al. No. 3:10-cv-12271-DRH-PMF

Plaintiffs' initial complaint named five Plaintiffs (*Bishop* Doc. 2). In their motion to dismiss for lack of subject matter jurisdiction (*Bishop* Doc. 4), the Bayer defendants argue that the Court lacks subject matter jurisdiction because two of the Plaintiffs named in the initial complaint share citizenship with one or more of the named Bayer Defendants (*Bishop* Doc. 4). Specifically, the Bayer Defendants identified the following jurisdictional issues with regard to Plaintiffs' initial complaint:

- **Shared Indiana Citizenship:** Plaintiff Heather Bishop, who is a citizen of the State of Indiana for purposes of diversity jurisdiction (s*ee Bishop* Doc. 2 ¶ 1; *Bishop* Doc. 4 ¶ 9; *Bishop* Doc. 5 ¶ 1) shares citizenship with (1) Bayer Corporation, a corporation organized and existing under the laws of the State of Indiana (*Bishop* Doc. 2 ¶ 2; *Bishop* Doc. 4 ¶ 14) and (2) Bayer HealthCare LLC, a limited liability company whose sole member is Bayer Corporation (*Bishop* Doc. 4 ¶ 15) and is therefore a citizen of Indiana for purposes of diversity jurisdiction. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

---

dismissed the non-diverse party and the Bayer Defendants therefore withdrew their motion to dismiss for lack of subject matter jurisdiction.

- **Shared New Jersey Citizenship:** Plaintiff Gensei Santiago who is a citizen of New Jersey for purposes of diversity jurisdiction (*Bishop* Doc. 2 ¶ 1) shares citizenship with Bayer HealthCare Pharmaceuticals Inc., a New Jersey citizen for purposes of diversity jurisdiction (*Bishop* Doc. 4 ¶ 37).

Plaintiffs filed an Amended Complaint on December 13, 2010 (*Bishop* Doc. 5). In the Amended Complaint, Plaintiff Gensei Santiago is no longer a named Plaintiff This Amendment resolves the jurisdictional issue with regard to the parties' common New Jersey citizenship.

With regard to the parties' common Indiana citizenship, the Amended Complaint no longer names Bayer Corporation as a defendant. However, Bayer HealthCare LLC remains a named defendant (*Bishop* Doc. 5 ¶ 3). The Amended Complaint states that Bayer HealthCare, LLC is a Delaware limited liability company with its principal place of business in New York (*Bishop* Doc. 5 ¶ 3). These factors, however, are not the relevant considerations for citizenship of a limited liability company. Rather, "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). As noted, Bayer HealthCare LLC is a limited liability company whose sole member is Bayer Corporation. Accordingly, Bayer HealthCare LLC is an Indiana citizen for purposes of diversity jurisdiction. Because Plaintiff Bishop and Defendant Bayer HealthCare LLC share Indiana citizenship, the Court lacks subject matter jurisdiction and Plaintiffs' Amended Complaint must be dismissed.

**The Court therefore ORDERS as follows:**

Defendants' motion to dismiss for lack of subject matter jurisdiction in member action **Bishop, et al., v. Bayer Corp., et al. No. 3:10-cv-12271** is **GRANTED.**

**B.      Mangel v. Bayer HealthCare Pharms. Inc., et al. No. 3:10-cv-11126-DRH-PMF**

Plaintiff Holley Mangel states in her Amended Complaint that she "is a resident of the State of PA."  (*Mangel* Doc. 5 ¶ 1).  Residency is not the same as citizenship for purposes of diversity jurisdiction.  ***Hunter v. Amin,* 583 F.3d 486, 491 (7th Cir. 2009).**  Plaintiff's motion in opposition to Bayer's motion to dismiss, however, indicates that Plaintiff is in fact a citizen of Pennsylvania (*Mangel,* Doc. 7).   Plaintiff Mangel's Amended Complaint names Bayer HealthCare LLC as a defendant (*Mangel,* Doc. 5).  As noted, Bayer HealthCare LLC is a limited liability company whose sole member is Bayer Corporation.  Bayer Corporation is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Pennsylvania.  Accordingly, Bayer HealthCare LLC is an Indiana and Pennsylvania citizen for purposes of diversity jurisdiction.  To remedy this jurisdictional issue, Plaintiff Mangel, in her opposition to Bayer's motion to dismiss, seeks leave to voluntarily dismiss the sole non-diverse Defendant Bayer HealthCare LLC.

**The Court therefore ORDERS as follows:**

The sole non-diverse Defendant, Bayer HealthCare, LLC, is hereby **DISMISSED** and Bayer's motion to dismiss for lack of subject matter jurisdiction in *Mangel v. Bayer HealthCare Pharms. Inc., et al.* **No. 3:10-cv-11126** is **DENIED** as **MOOT**.

### C.    Dalton v. Bayer Schering Pharma A.G., et al. No. 3:10-cv-10872-DRH-PMF

Plaintiff has not responded to the Bayer Defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiff Mary Jane Dalton "is a resident and citizen of Camden County, New Jersey." (*Dalton*, Doc. ¶1). As Plaintiff acknowledges on the face of her complaint, Defendant Bayer HealthCare Pharmaceuticals Inc. is a corporation with its principal place of business in the State of New Jersey (*Dalton,* Doc. 2 ¶ 4). Accordingly, Bayer HealthCare Pharmaceuticals Inc. is a New Jersey citizen for purposes of diversity. Because Plaintiff and Defendant Bayer HealthCare Pharmaceuticals Inc. share New Jersey citizenship, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

**The Court therefore ORDERS as follows:**

Defendants' motion to dismiss for lack of subject matter jurisdiction in **Dalton v. Bayer Schering Pharma A.G., et al. No. 3:10-cv-10872** is **GRANTED.**

**D.      Rogers v. Bayer HealthCare Pharms. Inc., et al. No. 3:10-cv-10370-DRH-PMF**

Plaintiff has not responded to Bayer's motion to dismiss for lack of subject matter jurisdiction.  As Plaintiff acknowledges on the face of her complaint, Defendant Bayer HealthCare Pharmaceuticals Inc., is a corporation organized and existing under the laws of the State of Delaware (*Rogers*, Doc. 2 ¶ 3).  Plaintiff's complaint states that she is a resident of Delaware (*Rogers*, Doc. 2 ¶ 1).  Residency, however, is not the same as citizenship for purposes of diversity jurisdiction.  **Hunter v. Amin, 583 F.3d 486, 491 (7th Cir. 2009).**  Accordingly, it is presently unclear whether Plaintiff Rogers and Defendant Bayer HealthCare Pharmaceuticals Inc. share Delaware citizenship.

The Court therefore **ORDERS** as follows:

Plaintiff has until March 29, 2011, to file a notice with the Court clarifying whether she is a citizen of Delaware and to otherwise remedy any jurisdictional issues with regard to Bayer HealthCare Pharmaceuticals Inc.  **If**

Plaintiff does not respond by March 29, 2011 her complaint will be subject

to dismissal for lack of subject matter jurisdiction.

**SO ORDERED:**

Digitally signed by David R.
Herndon
Date: 2011.03.22 15:23:48
-05'00'

**Chief Judge**
**United States District Court**                    **DATE:  March 22, 2011**